# CIRCUIT COURT OF THE CITY OF ROANOKE

Frank L. Bramlett

v.

Jerry McNeil

February 10, 2000

Case No. CL99-1024

BY JUDGE ROBERT P. DOHERTY, JR.

In this defamation action, Defendant demurs to Plaintiff's Motion for Judgment claiming: (1) that the Plaintiff did not specify the actual language alleged to be defamatory; (2) that the claimed slanderous language was at best a privileged communication disseminated within a corporate entity by a representative of the corporation and thus not actionable; (3) and that the language complained of is mere opinion or rhetorical hyperbole and, as such, constitutes constitutionally protected speech. Plaintiff responds that he did use some of the alleged slanderous speech in his pleading; that the exact language is not necessary if one pleads with specificity; that the defense of privilege is an affirmative defense and not available for use as grounds for a demurrer; that the pleadings do not allege the existence of a corporate entity; and that the language used was stated as fact and not as hyperbole or opinion. Each party is correct in a portion of their argument with the result that the relief requested is granted in part and denied in part.

*Pleading Exact Slanderous Words Used*

The law in Virginia is clear on the issue of whether or not alleged slanderous language must be pleaded with particularity. In cases involving defamation, "[g]ood pleading requires that the exact words spoken or written must be set out in the declaration *in haec verba.*" *Federal Land Bank v. Birchfield*, 173 Va. 200, 215 (1939). In the case before us, the Plaintiff says

that the Defendant told others that the Plaintiff "breaks legs" in the conduct of his business, arguing that in the context in which that phrase was used, it implied that the Plaintiff operated his business by criminal means. Plaintiff also claims that the use of the phrase "breaks legs" impugns his honesty and his integrity. Since the phrase "breaks legs" is not actionable *per se*, in order for the Plaintiff to prove his claims at trial, he must be prepared to present all of the language used by the Defendant that surrounded the phrase when it was initially spoken. If he fails to allege all of that language in his pleadings, he will not be allowed to present proof of it at trial. This is a logical extension of the *Birchfield* rule. Since the Plaintiff knows the circumstances under which the offensive phrase was uttered and because the syntax of the pleading raises the inference that the Plaintiff knows additional specific language which surrounded the allegedly slanderous phrase, the Court finds that the exact words which were spoken and which are necessary to Plaintiff's claim do not appear to have been pleaded in their entirety. Accordingly, the demurrer is sustained with leave granted to the Plaintiff to file an Amended Motion for Judgment within 30 days of the date of this letter opinion.

### Intracorporate Immunity/Qualified Privilege

The portion of the demurrer that is based on intracorporate immunity or qualified privilege is denied, as any such claim can only be adjudicated if the allegations of the Defendant are considered. "At this stage of the proceeding … the defendant's recitation of the facts must be disregarded because the demurrer tests the legal sufficiency of the plaintiff's pleading only." *Hagan v. Antonio*, 240 Va. 347, 349 (1990).

### Opinion/Rhetorical Hyperbole

The argument that the language used by the Defendant is either his own opinion, or that it is no more than "rhetorical hyperbole," is moot because of the Court's ruling granting the demurrer. If the Plaintiff files an amended pleading using additional alleged slanderous language and if the Defendant again raises this objection, then the Court will consider the issue at that time.